IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN HENDERSON, | )<br>) |
| Plaintiff, | ) Case No. 1:17-00098 (ERIE)<br>) |
| vs. | )<br>) RICHARD A. LANZILLO |
| JOANNE BICKEL, ET AL., | ) UNITED STATES MAGISTRATE JUDGE<br>) |
| Defendants | )<br>) |
| | ) O R D E R |

Presently before the Court is a Motion to Open Judgment filed by Plaintiff Warren Henderson, which the Court construes as a Motion for Relief from Judgment filed pursuant to Federal Rule of Civil Procedure 60(b).[1] For the following reasons, the motion is DENIED.

A "movant under Rule 60(b) bears a heavy burden," and "[w]e view Rule 60(b) motions as extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (internal citations and quotation marks omitted). Relief under Rule 60(b) should "be reserved for those cases of

---

[1] Fed.R.Civ.P. 60(b) provides as follows:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.
    (c) Timing and Effect of the Motion.
        (1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
        (2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

1

injustices which ... are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 46 (1998).

In the instant case, Henderson has failed to carry his heavy burden of showing entitlement to relief under Rule 60(b). His motion merely states various provisions of Rule 60, and then essentially rehashes his complaints of mistreatment by Pennsylvania Department of Corrections personnel, including Defendant Bickel. He faults the Defendants for, among other things, his confinement in the RHU, their alleged misappropriation of his personal property, and the loss of his job in the prison kitchen, all of which he previously raised to the Court in his Complaint and his Response to the Defendants' Motion for Summary Judgment. The Court has already considered and rejected these claims. *See, e.g., Bhatnagar v. Surrendra Overseas, Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (instructing that Rule 60 not to be used to give a litigant a "second bite at the apple," or to rehash arguments which have already been briefed by the parties and considered and decided by the court). Furthermore, Henderson has offered no new evidence since this Court's December 21, 2018 Order that would warrant such extraordinary relief and reconsideration of said order. *See, e.g., Rega v. Wetzel*, 2018 WL 2022083, at *1 (W.D. Pa. May 1, 2018).

In short, Henderson's motion is not substantiated by any facts indicating that he is entitled to the extraordinary relief from judgment provided for by Rule 60. As such, his Motion for Reconsideration is DENIED.

So ordered.

Richard A. Lanzillo
United States Magistrate Judge

Entered this 12th day of February, 2019.